**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4956-18T2

MARKUS ANTHONY,

    Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

    Respondent.

_____

Submitted May 11, 2020 – Decided May 22, 2020

Before Judges Sabatino and Geiger.

On appeal from the New Jersey Department of Corrections.

Markus Anthony, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent (Jane C. Schuster, Assistant Attorney General, of counsel; Erica R. Heyer, Deputy Attorney General, on the brief).

PER CURIAM

Appellant Markus Anthony is a State prison inmate. He appeals from the June 19, 2019 final decision of the New Jersey Department of Corrections (DOC) imposing disciplinary sanctions against him for committing prohibited act *.202, "possession or introduction of a weapon, such as, but not limited to, a sharpened instrument, knife, or unauthorized tool," in violation of N.J.A.C. 10A:4-4.1(a).[1] We affirm.

We derive the following facts from the record. On June 10, 2019, officers were conducting daily cell searches. During a search of Anthony's cell, Senior Corrections Officer J. Hughes ordered Anthony to remove his sneakers, put on flip flops, submit to a pat-down search, and leave the cell. After Anthony removed his sneakers and left his cell, Hughes found a razor under the insert of Anthony's left sneaker.

On the same day, Anthony was charged with committing prohibited act *.202. Corrections Sergeant K. Brown promptly investigated the incident, served Anthony with the charge, and referred the charge to a hearing officer.

---

[1] Although it does not affect the decision in this matter, effective January 3, 2017, the DOC reclassified its disciplinary sanctions of asterisk offenses (most serious) and non-asterisk offenses (less serious) to the use of a five-level format and rebalanced the schedule of sanctions and the severity of offense scale. N.J.A.C. 10A:4-4.1(a); N.J.A.C. 10A:4-5.1; N.J.A.C. 10A:9-2.13. We refer in this opinion to prohibited act *.202 to conform to the record.

The initial hearing date was postponed allowing the hearing officer to obtain a video from the day of the incident. Anthony was provided the assistance of a counsel substitute and pleaded not guilty to the charge. He did not call any witnesses and declined the opportunity to confront and cross-examine witnesses. The hearing concluded on June 17, 2019.

The hearing officer noted Anthony stated he never had the sneakers on and was asleep. The hearing officer found the video of the incident showed Anthony leaving the cell with shower shoes on. Hughes reported Anthony had sneakers on in the cell, was asked to remove them, and exit the cell. A razor was found in his left sneaker. The hearing officer noted that Anthony had no prior disciplinary charges.

Based on his review of the testimony and evidence, and consideration of Anthony's arguments, the hearing officer found Anthony guilty of committing prohibited act *.202. Anthony received a sanction of 181 days of administrative segregation, 120 days' loss of commutation time, and fifteen days' loss of recreation time.

Anthony appealed the decision. On June 19, 2019, Assistant Superintendent A. Lewis issued a disposition that upheld the hearing officer's decision and provided the following explanation: "A razor fashioned into a

weapon was located in your sneaker. This is a direct threat to other inmates as well as staff members at the facility. The sanction imposed was proportionate to the offense. No leniency will be afforded to you." This appeal followed.

In this appeal, Anthony argues the hearing officer failed to remain impartial, violated Anthony's right to due process, did not investigate Anthony's claims of innocence, and erred in finding him guilty because there was no credible evidence that he committed the prohibited act.

We preface our remarks by recognizing that our review of agency determinations is limited. In re Stallworth, 208 N.J. 182, 194 (2011); Figueroa v. N.J. Dep't of Corr., 414 N.J. Super. 186, 190 (App. Div. 2010). We will not reverse an administrative agency's decision unless it is "arbitrary, capricious, or unreasonable, or [] not supported by substantial credible evidence in the record as a whole." Stallworth, 208 N.J. at 194 (alteration in original) (citation omitted); accord Jenkins v. N.J. Dep't of Corr., 412 N.J. Super. 243, 259 (App. Div. 2010). In determining whether an agency action is arbitrary, capricious, or unreasonable, we consider: (1) whether the agency followed the law; (2) whether substantial evidence supports the findings; and (3) whether the agency "clearly erred" in applying the "legislative policies to the facts." In re Carter,

191 N.J. 474, 482-83 (2007) (quoting Mazza v. Bd. of Trs., 143 N.J. 22, 25 (1995)).

We have carefully reviewed the record and find the final decision "is supported by sufficient credible evidence on the record as a whole," Rule 2:11-3(e)(1)(D), and that Anthony's arguments are without sufficient merit to warrant extended discussion in a written opinion, Rule 2:11-3(e)(1)(E).

An incarcerated inmate is not entitled to the full panoply of rights in a disciplinary proceeding afforded a defendant in a criminal prosecution. Avant v. Clifford, 67 N.J. 496, 522 (1975). An inmate is entitled to written notice of the charges at least twenty-four hours prior to the hearing; an impartial tribunal; a limited right to call witnesses and present documentary evidence; a limited right to confront and cross-examine adverse witnesses; a right to a written statement of the evidence relied upon and the reasons for the sanctions imposed; and, where the charges are complex, the inmate is permitted the assistance of a counsel substitute. Id. at 525-33.

The record refutes Anthony's claim that he was denied due process. Anthony received more than twenty-four hours' notice of the charge before the hearing. Anthony was afforded the assistance of counsel substitute. They were afforded the opportunity to review the incident reports and all evidence

considered by the hearing officer. The hearing was conducted by a hearing officer from the DOC's central office staff, thus providing an impartial tribunal. We are satisfied Anthony received all due process protections afforded to him.

Anthony pleaded not guilty and put on a defense, pointing out that the video showed him backing out of his cell with slippers on. Counsel substitute argued Anthony was not wearing the sneakers and the razor did not belong to Anthony. Anthony was afforded the opportunity to call witnesses and to confront witnesses through cross-examination but declined to do so.

Anthony argues the investigation of the incident did not examine his claims of innocence. In accordance with N.J.A.C. 10A:4-9.5, the incident was investigated within forty-eight hours of the service of the disciplinary report on Anthony. The hearing officer declined to require further investigation, finding it was not warranted because the report adequately described the incident. The report and the hearing officer noted Anthony's claim that he did not have a razor. The hearing officer did not find Anthony's version persuasive.

The record also refutes Anthony's claim that the officer who found the razor did not prepare the disciplinary report. Hughes found the razor in the sneaker, reported the incident, and completed a disciplinary report, thereby complying with N.J.A.C. 10A:4-9.1(a).

Anthony argues that a fingerprint analysis would have proven he did not possess the razor. Fingerprint analysis is not required as evidence in a DOC disciplinary hearing. Moreover, the absence of the inmate's fingerprint on the weapon does not prove the inmate is innocent. We discern no abuse of discretion.

Anthony contends the decision was arbitrary because the video did not show him wearing the sneakers that contained the razor. "A finding of guilt at a disciplinary hearing shall be based upon substantial evidence that the inmate has committed a prohibited act." N.J.A.C. 10A:4-9.15(a). "Substantial evidence" is "such evidence as a reasonable mind might accept as adequate to support a conclusion." Figueroa, 414 N.J. Super. at 192 (quoting In re Pub. Serv. Elec. & Gas Co., 35 N.J. 358, 376 (1961)). In other words, it is "evidence furnishing a reasonable basis for the agency's action." Ibid. (quoting McGowan v. N.J. State Parole Bd., 347 N.J. Super. 544, 562 (App. Div. 2002)).

The hearing officer considered the testimony and evidence presented and determined the officers' version of the incident was persuasive and Anthony's version was not. The DOC upheld the decision of the hearing officer and adopted the hearing officer's factual findings. An appellate court accords deference to such findings and does not "substitut[e] its own assessment of the

weight to be accorded to the testimony of the witnesses." In re Taylor, 158 N.J. 644, 659 (1999).

The record demonstrates there was ample credible evidence to find Anthony guilty of prohibited act *.202. The hearing officer found Hughes discovered the razor in Anthony's sneaker after he directed Anthony to remove his sneakers and exit his cell. We find no basis to reject the hearing officer's factual finding that Anthony possessed the prohibited razor. Because the guilty finding was supported by substantial credible evidence and Anthony was afforded due process, the determination that Anthony committed prohibited act *.202 was not arbitrary, capricious, or unreasonable.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4956-18T2